IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOHN LEROY GORDON,<br><br>*Defendant*. | CRIMINAL ACTION<br>NO. 18-361-1 |

## **MEMORANDUM ORDER**

**AND NOW**, this 26th day of July, 2019, upon consideration of the Defendant's Motion *in Limine*, (ECF No. 62), the Government's Response, (ECF No. 64), and after hearing oral argument, it is hereby **ORDERED** that the Motion is **GRANTED in part** and **DENIED in part**. Gordon seeks to introduce testimony from Dr. Megan Crossman, the emergency room doctor who treated Gordon on June 26, 2018, regarding statements that police made to her about Gordon's conduct that day. Gordon also seeks to admit into evidence medical records which contain Dr. Crossman's notes about the police's statements. Dr. Crossman's testimony and the supporting medical records will be allowed into evidence for the specific purposes explained below, with the appropriate limiting instructions.

I

A

Gordon proffers that Dr. Crossman will testify that police told her that (1) Gordon ran across Interstate 95 and (2) Gordon's family members told police that Gordon jumped out of a second-story window earlier that day. Gordon contends that both statements are admissible because they fall under the exception to hearsay in

1

Federal Rule of Evidence 803(4), statements made for and reasonably pertinent to medical diagnosis and treatment. The government does not object to the admission of testimony that Gordon ran across I-95 under Rule 803(4), agreeing that it falls within the exception to hearsay because it was given for the purposes of medical diagnosis or treatment.

However, the Government argues correctly that the statement from police to Dr. Crossman that Gordon's family members told police that Gordon jumped out of a second-story window is not admissible under Rule 803(4) because it contains "hearsay within hearsay." Gordon must therefore demonstrate that all layers of hearsay are admissible. *See* Fed. R. Ev. 805 ("Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule[.]"). The statement contains two layers of hearsay: first, the statements from Gordon's family members to police and second, the statements from police to Dr. Crossman. While the latter would be admissible as information communicated for the purposes of medical diagnosis or treatment under exception 803(4), 803(4) does not apply to the statements made by Gordon's family members to police because Gordon does not argue that the family made the statement to police for the purposes of Gordon's diagnosis or treatment.

B

Gordon argues in the alternative that the statement about jumping out of the second story window should be admitted as non-hearsay under Rule 801(c). Where a statement is offered not to prove the truth of the matter asserted but for another purpose, the statement does not meet the definition of hearsay and is exempt from the

hearsay rule. Gordon represents that he does not seek to introduce Dr. Crossman's testimony to prove the truth of the matter asserted, *i.e.*, that Gordon actually jumped out of the window, but rather to "provide context for Mr. Gordon's commitment," "as [the statements] explain what caused Dr. Crossman to believe Mr. Gordon required immediate mental health treatment." (Mot. at 3, 5.) Gordon contends that these issues are relevant to Gordon's defense that he was voluntarily intoxicated at the time of the alleged carjacking.

The Government does not object to admission of this testimony for the limited purpose of explaining why Dr. Crossman decided to commit the defendant for mental health treatment, so long as it is not offered for the truth of the matter asserted. *See* (Resp. Opp'n at 3). Accordingly, Gordon may use the statement for that limited purpose, consistent with an appropriate limiting instruction. *See* FED. R. EVID. 105 ("If the court admits evidence that is admissible against a party or for a purpose—but not against another party or for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.")[1]

II

Gordon also seeks to introduce into evidence the June 26 Crozer Chester Medical Center Emergency Department Records. Those records contain both statements which are the subject of Dr. Crossman's testimony. *See* (Mot. Ex. A). The Government does not dispute the authenticity of the medical records or their general admissibility under Federal Rule of Evidence 803(6). *See* (Resp. Opp'n at 3). The Government asks the Court to redact the portion of the notes which it claims contains hearsay within

---

[1] The Government requested a limiting instruction at oral argument and at the Court's request, submitted a proposed instruction in a supplemental letter to the Court.

3

hearsay, specifically the statement that "[police] were also able to contact patient's family who told police that patient jumped out of his second story window today because he thought someone was chasing him trying to kill him. Family states that there was no one in the house trying to chase patient." (Mot. Ex. A at 2.) The Government argues that "[u]nlike introducing this evidence through Dr. Crossman's testimony, there is no backdoor for admission of this information in the medical records." (*Id.*)

While the statement in question would be inadmissible if offered for the truth of the matter asserted for the reasons already stated, it is admissible for the limited purpose of showing why Dr. Crossman decided to commit Gordon for mental health treatment. Assuming a proper foundation is laid to admit the medical records into evidence under Rule 803(6), the statement need not be redacted so long as it is being used for its limited purpose and not to prove the truth of the matter asserted. The Court will again provide an appropriate limiting instruction.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.