IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> JOHN LEROY GORDON, | CRIMINAL ACTION <br> NO. 18-361 |

**Pappert, J.**                                                                                                                      **March 20, 2024**

<u>**MEMORANDUM**</u>

In July 2019, John Leroy Gordon pled guilty, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), to carjacking in violation of 18 U.S.C. § 2119.  The parties recommended a range of 84-120 months' imprisonment, below the then-applicable 100-125 month sentencing guideline range.  (Plea Agreement ¶ 2, ECF No. 71.)  As part of the deal, the Government agreed to move to dismiss, at the time of sentencing, Count Two of the Indictment charging Gordon with brandishing, using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c).  (*Id.* ¶ 3a.)  The Court accepted the plea agreement and sentenced Gordon to 120 months in jail.  (Judgment, ECF No. 78.)

Gordon moved, *pro se*, for a reduction in his sentence under Part A of Amendment 821, a recent amendment to the Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2).  (Mot. for Sentence Reduction, ECF No. 83.)  The Federal Community Defender Office supplemented Gordon's motion with its own motion on his behalf, seeking a 15-month reduction in the sentence, something the Government agrees with.  (ECF Nos. 86, 87.)

The Court denies the motions. While Gordon is eligible for relief under Amendment 821, the Section 3553(a) factors counsel against it.

I

Section 3582(c)(2) allows courts to reduce a defendant's sentence if that defendant has been sentenced based on a range "that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2). Courts may only do so, however, after considering any applicable factors set forth in 18 U.S.C. § 3553(a), and any reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* To evaluate Section 3582(c)(2) motions, the Court: (1) determines the defendant's eligibility for a reduced sentence and calculates their amended Guidelines range if they are eligible; and (2) considers any applicable 3553(a) factors and determines, in its discretion, whether the reduction is warranted "in whole or in part under the particular circumstances of the case." *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Amendment 821 applies retroactively. U.S.S.G. § 1B1.10(a)(1), (d). Part A of Amendment 821 altered U.S.S.G. § 4A1.1 and changes the way criminal history status points are calculated. It instructs courts to add one point if the defendant: (1) receives seven or more points under subsections 4A1.1(a) through (d); and (2) "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release[] or escape status." U.S.S.G. § 4A1.1(e). Under Part A of Amendment 821, defendants with seven or more criminal history status points now receive one status point, instead of two, if they committed the

instant offense while under a criminal justice sentence. *United States v. Bailey*, No. 19-142, 2024 WL 453619, 2024 U.S. Dist. LEXIS 20256, at *4-5 (E.D. Pa. Feb. 5, 2024).

II

Gordon qualifies for a reduced sentence under Amendment 821. His criminal history score was revised upward by two points, to 10, pursuant to U.S.S.G. § 4A1.1(d) (2019), since he committed the offense while on state parole. PSR ¶¶ 43-45; (Sent'g Tr. 13:7-15.) This score established a criminal history category of V, which, paired with Gordon's total offense level of 25, resulted in a guideline range of 100-125 months. PSR ¶ 80; (Sent'g Tr. 13:15-14:5)

If Amendment 821 had been in place when Gordon was sentenced, he would have received one additional criminal history status point for committing the offense under a criminal justice sentence, rather than two. *See* U.S.S.G. § 4A1.1(e). Consequently, his criminal history score would have been 9, placing him in criminal history category IV. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table). Paired with his offense level of 25, a category of IV would have resulted in a guideline range of 84-105 months. *See id.*

III

Although Gordon is eligible for relief under Amendment 821, a sentence reduction is not warranted. The Court previously concluded the Section 3553(a) factors merited a sentence of 120 months' incarceration because that sentence reflected the seriousness of Gordon's violent crime and criminal history and was the Court's best effort to deter criminal conduct and protect the public. (Sent'g Tr. 40:10-51:4.) The sentence otherwise aligned with the purposes of sentencing.

As the Court explained, Gordon committed an extremely serious crime. He stole the victim's car by putting a gun to her head. PSR ¶ 11. He fled onto Interstate 95 during rush hour and crashed into the median. *Id.* ¶¶ 12-13. He then ran across the highway into the woods, where he ditched the gun, never to be found. *Id.* ¶¶ 12-15. He terrorized his victim and risked the lives of everyone who shared the road with him. (Sent'g. Tr. 42:22-25.) The victim, always active in her community, curtailed that involvement after the crime. (*Id.* at 23:14-24); (Government's Resp. to Gordon's Mot. 3.) As of the sentencing, she was having trouble sleeping, spending the nights in her sitting room instead of her bed, so she could constantly watch the feed from her security cameras. (*Id.* at 22:13-15.) Ordinary activities like driving home or sending a text before getting out of her car became stressful experiences. (*Id.* at 22:15-19.)

Gordon also has a concerning criminal history, beginning with successive juvenile adjudications for drug possession and progressing to an adult conviction for a firearms offense. PSR ¶¶ 37-42. And he committed the carjacking while on parole, *id.* ¶ 44, underscoring Gordon's danger to the public and the need to deter him from future crimes, and, hopefully, protect the public.

Moreover, Gordon received extensive benefits from his "very favorable" plea agreement. *See* (Government's Resp. to Gordon's Mot. 8.) The recommended 84-120-month range was below his then 100-125-month guideline range, and his 120 month sentence was less than the top of that range. (Sent'g. Tr. 13:15-14:5.) The Court will not depart lightly from this agreement, a bargained-for contract, *see United States v. Moscahlaidis*, 868 F.2d 1357, 1361 (3d Cir. 1989). The Government also moved to dismiss the 18 U.S.C. § 924(c)(1)(A)(ii) charge. (Sent'g Tr. 4:20-5:18, 35:24-25-36:1-10,

4

60:25-61:10.) This count would have carried a seven-year, consecutive mandatory minimum sentence. (*Id.* at 36:1-10); 18 U.S.C. § 924(c)(1)(A)(ii); (Government's Resp. to Gordon's Mot. 8.)

Finally, Gordon's post sentencing conduct is, on balance, nothing to write home about. He has been incarcerated since August 24, 2018, incurring a disciplinary infraction serious enough to cost him 27 days of good conduct time and 120 days of commissary and email privileges. (Defenders' Mot. for Sentence Reduction 6.) Yet in all that time he is still awaiting placement in RDAP and has completed a grand total of one class—in parenting—while completing just two of the four sections for his GED. (*Id.*) These efforts, while commendable, are paltry given how much time Gordon has had to prepare himself to become a productive citizen upon his eventual release. The Court remains convinced that a sentence of 120 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing. *See* 18 U.S.C. § 3553(a).

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

5